FORET, Judge.
The Department of Public Safety, State of Louisiana (defendant), appeals from a judgment rendered by the trial court granting Clebert Levier (plaintiff) a restricted driver’s license. We reverse.
LSA-R.S. 32:415.1 provides, in pertinent part, that:
“§ 415.1 Economic hardship appeal of driver’s license suspension
A. (1) Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414(B), (C), (D), (E), and R.S. 32:415 said person after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted by the department a restricted license to enable the person to continue to support his family. The restrictions of said license shall be determined by the court and shall include the following:” (Emphasis ours.)
Defendant argues that it was served with citation and service of process in this matter on January 29, 1982, the same day on which the hearing on plaintiff’s motion for a restricted driver’s license was held. Thus, it was not given ten days written notice prior to the date set by the trial court for a *547 contradictory hearing upon plaintiff’s motion as required by LSA-R.S. 32:415.1.
The record contains no indication that the provisions of LSA-R.S. 32:415.1 were complied with as the sheriff’s return showing service of citation and service of process upon defendant is nowhere therein to be found.
The Department of Public Safety argues principally lack of notice in accordance with the statute. However, we also note that the record does not contain a petition filed by petitioner for a restricted driver’s license. The statute states that,
“... said person ... shall have a right to file a petition in the district court”
requesting a restricted driver’s license for hardship reasons. Nowhere in the record do we find a petition filed by the plaintiff-appellee[1]. Obviously, for this reason also, the procedure outlined in the statute was not complied with.
For the above and foregoing reasons, the judgment of the trial court is reversed and this matter is remanded for further proceedings in accordance with law.
All costs of this appeal, and in the trial court, are assessed against plaintiff-appel-lee.
REVERSED AND REMANDED.

. Plaintiff filed a document as follows:
“MOTION AND ORDER FOR RESTRICTED DRIVERS’ LICENSE
On motion of CLEBERT LEVIER, Plaintiff in the above matter through his attorney, Donald L. Mayeux, and upon suggesting to the court that his drivers’ license was suspended on August 31,1981 and the notice of suspension says that he may be eligible for a restricted drivers’ license, and considering that he does need a restricted license to work and provide for his family and seek medical care when needed, and considering the desires that the Department of Public Safety be served with a copy of this Motion and Order requesting a restricted license and that a hearing be scheduled for such:
IT IS ORDERED that the Department of Public Safety of Baton Rouge, Louisiana show cause on the 29th day of January, 1982, why Clebert Levier should not be granted a restricted drivers’ license in accordance with the law.
Opelousas, Louisiana, this 15 day of January, 1982.
/s/H. G. Paw Judge
Motion submitted by:
/s/Maveux Donald L. Mayeux Attorney for Clebert Levier”